RICHARD A. FRYE, Judge of Probate,

*vs.*

NATHANIEL B. CROCKETT and another.

Oxford. March 6, 1885.

*Executor's bond. R. S., c. 64, § 9. Probate practice.*

An executor's bond which omits to require the principal to account upon oath within one year is not conformable to statute.*

An action upon an executor's bond which is not conformable to statute, cannot be maintained in the name of the successor of the judge to whom it was given.

ON REPORT.

An action in the name of the judge of probate on a bond given to his predecessor in office, the condition of which was as follows :

"The condition of this obligation is such, that if the above bounden Nathaniel B. Crockett, executor of the last will and testament of Asa S. H. Wardwell, late of Rumford, in said county of Oxford, deceased, shall make, or cause to be made, a true inventory of all the real estate, and all the goods, chattels, rights and credits of the testator, which are by law to be administered, which have, or shall come to his possession or knowledge,

---

* Revised Statutes, c. 64, § 9, reads as follows :—

SEC. 9. Every executor before entering on the execution of his trust shall give bond, except when otherwise provided in the will, with sufficient sureties resident in the state, in such sum as the judge orders payable to him or his successors conditioned in substance as follows :

I. To make and return to the probate court, within three months, a true inventory of all the real estate, and all the goods, chattels, rights and credits of the testator, which are by law to be administered, and which come to his possession or knowledge.

II. To administer, according to law and the will of the testator, all his goods, chattels, rights and credits.

III. To render, upon oath, a just and true account of his administration within one year, and at any other times, when required by the judge of probate.

IV. To account, in case the estate should be represented insolvent, for three times the amount of any injury done to the real estate of the deceased by him, or with his consent, between such representation and the sale of such real estate for the payment of debts, by waste or trespass committed on any building thereon, or any trees standing and growing thereon, except as necessary for repairs or fuel for the family of the deceased; or by waste or trespass of any other kind; and for such damages as he recovers for the like waste or trespass committed thereon.

and return the same so made under oath, into the probate court for said county of Oxford, within three months from the date hereof, and shall administer according to law, and to the will of the said testator, the same goods and chattels, rights and credits, and all other goods and chattels, rights and credits of the said deceased at the time of his death, or which at any time after shall come to the possession or knowledge of the said executor; And shall also pay, or cause to be paid, all the debts and legacies of the said testator, unless the estate of said testator from some unexpected event, should prove insufficient for the payment of the same, in which event the said executor shall render upon oath a just and true account of his administration and of his proceedings therein within the time required by law, and at any other times when required by the judge of probate for the time being, for said county of Oxford, and pay and deliver any balance, or any goods and chattels, rights and credits remaining in his hands upon the settlement of said accounts of administration, to such person or persons as the said judge of probate by his decree or sentence pursuant to law shall direct; and shall also account, in case the estate should be represented insolvent, for three times the amount of any injury done to the real estate of the deceased by him or with his consent, between the time of the representation of insolvency and the sale of such real estate for the payment of debts by waste or trespass committed on any building thereon, or on any trees standing and growing thereon, except as may be necessary for repairs, or fuel for the family of the said deceased, or by waste or trespass of any other kind, and also for such damages as he may recover from any heir or devisee of the estate, or other person, for the like waste or trespass committed on any such real estate. Then the foregoing obligation shall be void and of no effect, or otherwise shall abide and remain in full force and virtue.

Nathaniel B. Crockett.  [Seal.]

Samuel R. Chapman.  [Seal.]

Sylvanus S. Akers.  [Seal.]

" Signed, sealed and delivered in presence of J. L. Chapman.

" At a court of probate held at Paris, within and for the county

of Oxford, on the third Tuesday of July, in the year of our Lord eighteen hundred and sixty-three.

"The above bond is examined, approved, and ordered to be recorded and filed.

E. W. Woodbury, Judge.

Recorded by J. S. Hobbs, Register. "

*H. C. Davis*, for the plaintiff, contended that the bond in suit contains the conditions of an executor's bond. R. S., c. 64, § 9. It contains other conditions — that where the executor is residuary legatee, § 10, and a condition applicable to administrators, § 19.

There is no condition in the bond in suit which is more prejudicial to the obligors than the particular form prescribed by statute, or but that may be rejected as surplusage.

*Enoch Foster*, for the defendants, cited : *Probate* v. *Adams*, 49 N. H. 152 ; R. S., c. 64, § 9 ; *Hall* v. *Cushing*, 9 Pick. 403 ; *Prop'rs Union Wharf* v. *Mussey*, 48 Maine, 311 ; *Lord* v. *Lancey*, 21 Maine, 468 ; *Cleaves* v. *Dockray*, 67 Maine, 124 ; *Potter* v. *Titcomb*, 7 Maine, 311.

WALTON, J. This is an action against one of the sureties upon an executor's bond, the other surety being dead, and the action against the principal having been discontinued. One objection to the maintenance of the suit is that it is brought in the name of the wrong person ; and, upon examination, we are satisfied that this objection must be sustained.

It is settled law that an action upon an executor's bond, not conformable to statute, can be maintained only in the name of the judge to whom it was given. Such a bond, being good only at common law, can not be sued in the name of a successor. The bond in suit, in this case, is not conformable to statute. It contains omissions and additions. The principal in the bond was not an administrator, nor a residuary legatee. He was the executor named in the will, but no legacy was therein given to him, residuary or otherwise. The bond required of such an executor differs from that which is required of an executor who

is a residuary legatee ; and it differs from that which is required of an administrator. And the statute is precise with respect to the form of each of these three kinds of bonds. And yet the bond in this case does not conform to either of them. It omits one important condition required of ordinary executors — namely, that which requires them to account upon oath within one year — and substitutes others which are applicable only to administrators and executors who are residuary legatees. This will appear upon inspection of the bond, and by comparing it with the requirements of the statute. How such a form for a bond came into existence, it is difficult to conceive. Very clearly, it is not a statute bond ; and a suit upon it, if maintainable at all, can be maintained only in the name of the judge to whom it was given. This suit is not in the name of the judge to whom the bond was given. It is in the name of a successor. Such an action is not maintainable. *Cleaves* v. *Dockray*, 67 Maine, 118, and cases there cited.

*Plaintiff nonsuit.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.